IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSENDO ZAMORA, | * | |
| ET AL , | * | |
|     Plaintiffs | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. _____ |
| | * | Jury Trial |
| BAKER HUGHES INCORPORATED, | * | |
|     Defendant | * | |

## PLAINTIFF'S ORIGINAL FEDERAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Rosendo Zamora, individually, and on behalf of similarly situated

present and former employees, hereinafter referred to as "Plaintiffs" complaining of

BAKER HUGHES INCORPORATED, and would show unto the Court the following:

## PARTIES

1. Plaintiff is an individual who resides in the State of Texas. Plaintiff was and all

   potential Plaintiffs were and are classified as 'Closed Loop Operator' employees aka

   'sit hands' and 'service' employees which identifies the classes of all similarly

   situated present and former employees.

2. Defendant  BAKER HUGHES, INCORPORATED is a business entity doing business

   in Nueces County, Texas, and may be served by serving:

           CT Corporation System
           350 N. St. Paul, Ste. 2900
           Dallas, Tx. 75201-4234

1

3. Should Plaintiff learn that the business is owned by a different corporation or other business entity, then Plaintiff would request leave to add as a proper party, substitute the true name and/or to serve said corporation or business entity.

## VENUE AND JURISDICTION

4. Venue is proper in Nueces County, Texas, and this district in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Nueces County, Texas and the federal Southern District of Texas. Moreover, venue is proper in Nueces County, Texas, in that Defendant conducts business in Nueces County at 426 Flato Road, Corpus Christi, Texas..

5. This Court has jurisdiction pursuant to 28 U.S.C. section 1331.

## MISNOMER/MISIDENTIFICATION

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## RESPONDEAT SUPERIOR

7. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of defendant(s) and were at all times acting in the course and scope of that employment. Accordingly, defendant(s) are liable for such

conduct under the doctrine of *Respondeat Superior*.

## FACTUAL BACKGROUND

8. At all times relevant to this lawsuit, Defendants, its agents and employees, were aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

9. Plaintiff is a former employee of Defendant. Plaintiff was and all potential Plaintiffs were / are classified as and worked as 'Closed Loop' employees aka 'sit hands' and 'drilling fluid service' employees which identifies the class of all similarly situated present and former employees.

10. 'Closed Loop Operator' employees aka 'sit hands' were required to travel to oil rig locations to install, operate, maintain, and rig down Defendant's drilling fluid filtering equipment and products. The equipment filtered cuttings, rocks and solid materials from drilling fluids.

11. Plaintiff and other unnamed present and/or former employees of Defendant were required to work in excess of 40 hours per week but were not paid overtime nor paid for all time worked as required by law. The Defendant(s) failure to pay overtime and for all time they worked violated the Fair Labor Standards Act (FLSA). Therefore, Plaintiff and said present and/or former employees are entitled to recover pay for each hour worked. Plaintiff and said present and former employees are entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate

of one and one half times his hourly rate including not being paid travel time to and from oil rig locations.

12. Plaintiff, individually and on behalf of similarly situated present and former closed loop employees, would show that he was and they were denied payment for all hours worked and/or of overtime wages in violation of the FLSA as a result of the Defendant's common policy / plan. The common policy and plan resulted in unpaid time and/or unpaid overtime for all closed loop operator employees. The Defendant's / Defendants' common policy / plan included:

    a. limiting reportable hours to 12 hrs per day per closed loop employee on two man jobs;

    b. limiting reportable hours to 16 hrs per day per closed loop employee on one man jobs;

13. Defendants' common plan / policy resulted in not paying Plaintiff and all class members for all time worked / on duty on closed loop jobs:

    a. Not paying Plaintiff(s) to attend all on site daily safety meetings amounting to 30 minutes of unpaid overtime per safety meeting;

    b. Not paying Plaintiff(s) for donning and doffing required safety gear amounting to 30 minutes of unpaid overtime per day;

    c. Not paying Plaintiff(s) for doing all daily reports on their off shift time amounting to 30 minutes of unpaid overtime per day;

    d. Not paying Plaintiff(s) all time 'worked' / 'on duty' per day on one man jobs amounting in unpaid overtime equal to the difference of 24 and the time recorded on timesheets; and

    e. Not paying Plaintiff(s) for all time worked helping / training coworker on their scheduled off time on two man jobs.

4

14. Plaintiff Zamora, individually and on behalf of similarly situated present and former employees would show the following violations of the FLSA:

   a.  Not paid for mandatory safety meetings before each shift each day worked, which unpaid time was 30 minutes per day;

   b.  Not paid for doing daily reports, which unpaid time was 30 minutes per day;

   c.  Not paid for donning and doffing required safety and work gear and cleaning of drilling fluids after the end of assigned work shift, which unpaid time was 30 minutes per day;

   d.  Not paid for working in excess of 16 hours per day on 1 man job assignments which employees were required to stay on location 24 hours per day to be available for work and which time is the difference between 24 hours and time submitted on timesheets each day;

   e.  Not paid for working in excess of 12 hours per day on 2 man job assignments, including not paying Plaintiff(s) for all time worked helping / training coworker on their scheduled off time on two man jobs;

   f.  Not paid for all hours on job locations;

   g.  Failure to pay FLSA wages when due.

15. Plaintiff would show that Defendant instructed Plaintiff and similarly situated present and former employees that the above referenced types of work could not be submitted on time sheets for payment of wages and employees were not allowed to submit these times on their timesheets and these FLSA violations.

16. Plaintiff would also show that Defendant failed to pay proper overtime to Plaintiff and Closed Loop Operators during all times that Defendant paid Plaintiff / Closed Loop Operators a salary / day rate.

17. Further Plaintiff would show that the FLSA violations were willful, continuous, and intended to mislead Plaintiffs, including telling Plaintiffs that they were not entitled to

5

overtime and that they could not get overtime for all hours worked, even though it was a violation of law. Upon information and belief, Defendant paid supervisors bonuses based upon limiting the reported overtime hours of employees. Therefore, the acts were intentional and made knowingly and Plaintiffs are entitled to three years of accrued, unpaid overtime pay.

18. Plaintiff is and potential Plaintiffs are entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA.

## ATTORNEYS' FEES

19. It was necessary for Plaintiff to retain the services of the undersigned attorneys to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorneys fees, expert fees and court costs to prosecute this action.

## JURY DEMAND

20.  Plaintiff demands a trial by jury to the extent necessary under the law.

## CONCLUSION

**WHEREFORE,** Plaintiffs pray that Defendant(s) be cited to appear and answer herein and that upon final hearing hereof, a judgment be rendered for Plaintiffs and against Defendants, for the damages set out above in the amount the jury deems reasonable under the circumstances, along with attorneys' fees, costs of court, pre-judgment interest, post-judgment interest and for such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,


By: /s/ Adam Poncio\
Adam Poncio\
Southern District No. 194847\
State Bar No. 16109800\
PONCIO LAW OFFICES\
A Professional Corporation\
5410 Fredericksburg Rd., # 109\
San Antonio, Texas 78229-3550\
Telephone:    (210) 212-7979\
Facsimile:    (210) 212-5880


Chris McJunkin\
Southern District No.23548\
State Bar #13686525\
2842 Lawnview\
Corpus Christi, Tx. 78404\
Tel: (361) 882-5747\
Fax: (361) 882-8926

7