UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSENDO ZAMORA, | § § | |
| Plaintiff, | § § | Civil Action No. 2:13-cv-00326 |
| vs. | § § § | |
| BAKER HUGHES INCORPORATED, | § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Baker Hughes Oilfield Operations, Inc. ("Defendant") (misidentified as "Baker Hughes Incorporated") files this Answer to Plaintiff's Original Complaint. Defendant denies all allegations in the Original Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Original Complaint.

### PARTIES

1.      Defendant is without sufficient information to admit or deny Plaintiff's current residence. Defendant denies any and all remaining allegations in this paragraph.

2.      Defendant admits that it is a business entity and that Plaintiff has accurately alleged its registered agent for service of process.

3.      This paragraph contains no allegation to which a response is required. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Original Complaint and its Affirmative Defenses.

## VENUE AND JURISDICTION

4. Defendant does not dispute that venue is proper in the Southern District of Texas. Defendant denies all other allegations in this paragraph.

5. Defendant does not dispute this Court's jurisdiction over this matter at this time.

## MISNOMER/MISIDENTIFICATION

6. This paragraph contains no allegation to which a response is required. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Original Complaint and its Affirmative Defenses.

## RESPONDEAT SUPERIOR

7. Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Original Complaint and its Affirmative Defenses.

## FACTUAL BACKGROUND

8. Defendant denies all allegations in this paragraph.

9. Defendant admits that Plaintiff is a former employee of Defendant. Defendant denies any and all remaining allegations in this paragraph.

10. Defendant admits that part of Plaintiff's duties involved equipment that filters drilling fluids. Defendant denies all other allegations in this paragraph.

11. Defendant denies all allegations in this paragraph.

12. Defendant denies all allegations in this paragraph.

13. Defendant denies all allegations in this paragraph.

14. Defendant denies all allegations in this paragraph.

15. Defendant denies all allegations in this paragraph.

16. Defendant denies all allegations in this paragraph.

17. Defendant denies all allegations in this paragraph.

18. Defendant denies all allegations in this paragraph.

## ATTORNEYS' FEES

19. This paragraph contains legal conclusions and requests for relief to which no response is required. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Original Complaint and its Affirmative Defenses.

## JURY DEMAND

20. Defendant admits that Plaintiff has made a jury demand.

## CONCLUSION

21. This paragraph contains legal conclusions and requests for relief to which no response is required. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Original Complaint and its Affirmative Defenses.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

2. Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and further would violate Defendant's due process rights. Plaintiff cannot meet the prerequisites for collective or class certification, including conditional certification. Plaintiff is not a proper class representative and lacks standing. Certification and/or notice to a potential class would be improper.

3. With respect to Plaintiff and some or all potential class members, and depending on the scope of the putative class, Defendant acted in good faith, with the reasonable belief that it complied with the law. Moreover, Defendant did not willfully deprive Plaintiff or some or all potential class members of any due compensation.

4. Depending on the scope of the putative class, Plaintiff and some or all potential class members were paid all compensation to which they were entitled under the FLSA.

5. Depending on the scope of the putative class, claims of Plaintiff and some or all potential class members are barred by limitations.

6. Depending on the claims asserted, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

7. Depending on the claims asserted, the amount of any unpaid overtime was de minimis.

8. Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

9. Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

10. Depending on the scope of the putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

11. Plaintiff has failed to state one or more claims upon which relief may be granted.

12. Some or all of the claims asserted are subject to offset.

13. Depending on the scope of the putative class, some or all class members may meet one or more overtime-pay exemptions under the FLSA.

Defendant reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable. Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff and award Defendant all other relief the Court deems appropriate.

    Respectfully submitted,

    /s/ Michael J. Muskat
    MICHAEL J. MUSKAT
    Attorney-in-Charge
    State Bar No. 24002668
    S.D. Tex. Bar No. 22816
    MUSKAT, MARTINEZ & MAHONY, LLP
    1201 Louisiana Street, Suite 850
    Houston, Texas 77002
    Telephone: 713-987-7850
    Telecopier: 713-987-7854

    Jorge C. Rangel
    Federal I.D. No. 5698
    Texas Bar No. 16543500
    jorge.c.rangel@rangellaw.com
    THE RANGEL LAW FIRM, P.C.
    615 N. Upper Broadway, Suite 2020
    Corpus Christi, Texas 78477
    Telephone: 361/883-8500
    FACSIMILE: 361/883-2611

    Attorneys for Defendant

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

**CERTIFICATE OF SERVICE**

      This is to certify that on January 3, 2014, a true and correct copy of the foregoing document has been served on Plaintiff's counsel of record via the Electronic Case Filing system.

                                            /s/ Michael J. Muskat
                                            ATTORNEY FOR DEFENDANT